```
UNITED STATES DISTRICT COURT                    NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
HENRY C. LATHAM,
                                                MEMORANDUM AND ORDER
                        Plaintiff,              11-CV-2726 (JG)

        -against-

29 GALLATIN PLACE BROOKLYN,
TRANSIT ADJUDICATION BUILDING,

                        Defendants.
-----------------------------------------------------------x
```
JOHN GLEESON, United States District Judge:

*Pro se* plaintiff Henry C. Latham filed this claim on June 6, 2011. I am unable to discern whether he intended his filing to begin a new action or to serve as an amended complaint in the related case in which it was originally docketed, *Latham v. Transit Authority Civil*, 10-CV-2047 (JG), which was dismissed without prejudice on July 26, 2010. If I err, I choose to err in his favor, and I therefore construe his filing as a new claim. I grant his request to proceed *in forma pauperis*[1] pursuant to 28 U.S.C. § 1915 solely for the purpose of this order. Because I am unable to determine what claim he is advancing, I dismiss the complaint without prejudice.

STANDARD OF REVIEW

In reviewing plaintiff's complaint, I am mindful that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Moreover, because plaintiff is proceeding *pro se,* the court must liberally construe his pleadings, and must interpret his complaint to raise the strongest arguments it suggests. *See McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d

---

[1] Because this complaint was originally filed as an amended complaint under an existing docket number, there is no associated request to proceed *in forma pauperis*. However, as I have now determined that the complaint should proceed as a separate action, and as in each of his prior cases Latham has properly requested IFP status, I presume that he would have requested IFP status in this case as well and hereby infer such a request.

787, 790 (2d Cir. 1994)). "The policy of liberally construing *pro se* submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). Notwithstanding the foregoing, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require much, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Latham's complaint is incomprehensible and fails to meet this burden.[2]

---

[2] Latham has filed at least twelve other incomprehensible complaints in this court. *See Latham v. 800 Poly Place et al.*, 10-CV-5697 (JG) (dismissed without prejudice on December 17, 2010); *Latham v. Latham et al.*, 10-CV-3915 (JG) (dismissed without prejudice on December 14, 2010); *Latham v. John*, 10-CV-3445 (JG) (dismissed without prejudice on August 26, 2010); *Latham v. N.Y. Harbor et al.*, 10-CV-2768 (JG) (dismissed without prejudice on August 16, 2010)*; Latham v. Transit Auth. Civil*, 10-CV-2047 (JG) (dismissed without prejudice on July 26, 2010); *Latham v. John*, 09-CV-3398 (JG) (dismissed without prejudice on August 20, 2009 as unintelligible); *Latham v. Transit Auth. Civil*, 09-CV-1009 (JG) (dismissed without prejudice on July 16, 2009 because the complaint was unintelligible); *Latham v. Civil Gov't Transit Bldg.*, 08-CV-2522 (JG) (dismissed without prejudice on July 17, 2008 because the Court was unable to discern the basis of his claim); *Latham v. VA Outpatient Hosp. et al.*, 06-CV-6758 (DGT) (dismissed by order dated January 11, 2007, for failure to state claim on which relief may be granted); *Latham v. Kingsboro Psychiatric Ctr.*, 06-CV-1140 (DGT) (dismissed by order dated April 5, 2006, for failure to state claim on which relief may be granted); *Latham v. N.Y. Psychotherapy*, 04-CV-2945 (DGT) (dismissed by order dated September 3, 2004, for failure to state claim on which relief may be granted); *Latham v. Iappil et al.*, 02-CV-2523 (DGT) (dismissed by order dated June 27, 2002).

## CONCLUSION

The complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. *In forma pauperis* status is denied for purpose of an appeal because any appeal from this order would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

SO ORDERED.

_____
JOHN GLEESON, U.S.D.J.

Dated: June 13, 2011
      Brooklyn, New York